**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKEY PRIDGEON, | : | Civil No. 10-2541 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

> RICKEY PRIDGEON, #28268
> Monmouth County Correctional Institution
> 1 Waterworks Road
> Freehold, NJ 07728

**WOLFSON**, District Judge:

Rickey Pridgeon, a pretrial detainee who is incarcerated at Monmouth County Correctional Institution, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the absence of three dismissals, see 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff brings this action against the State of New Jersey, Governor Chris Christie and Deputy Governor Kim Guadagno.  Plaintiff asserts the following facts:

> The State of New Jersey had violated my 5th Amendment rights of the United States Constitution, the right to a fair and speedy trial that is guaranteed by State and Federal law.  Two (2) years of incarceration is unreasonable.  The date of my arrest was July 16, 2008.  Further, in the course of the two years there have been several motions filed - one on August 12, 2008, the second on October 19, 2008, requesting a speedy trial.  Monmouth County, New Jersey, refused to bring the plaintiff to trial.  The plaintiff has a right to due process under the law, and the right to have prompt access to the courts without unreasonable and unnecessary delay.  The plaintiff has been falsely imprisoned for two years.  He has been detained under false accusations, held in a County facility known as Monmouth County Correctional Institution under the orders of state agents against Plaintiff's will.  I was kidnapped from my home in Asbury Park June 16, 2008.  The plaintiff has complained of his Fourth Amendment violation in court proceeding this has been placed on record October 30, 2008 of the false imprisonment the plaintiff hereby makes claims that the following Constitution[al] Rights have been violated:  4th 5th 6th 8th and 14th Amendments.

(Docket Entry #1 at p. 7.)

Plaintiff further maintains that Governor Christie violated his constitutional rights as follows:  "The State has violated my Constitutional Rights, and Governor Christie is responsible for the actions of all state agencies in all of the geographic areas in New Jersey."  (Docket Entry #1 at p. 5.)  Plaintiff states that Deputy Governor Kim Guadagno is liable under 42 U.S.C. § 1983 because "[i]n her official capacity of Deputy Governor, Kim Guadagno is responsible for the actions of all state employees in all of the geographic areas in New Jersey."  (<u>Id.</u>)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for
(continued...)

4

applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [See Iqbal, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1](...continued)
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

### III.  DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff, a pretrial detainee, brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the State of New Jersey, the Governor of New Jersey and the Deputy Governor.  However, because the State of New Jersey is not a "person" within the meaning of 42 U.S.C. § 1983 which may be subject to suit for alleged violation of Plaintiff's constitutional rights, the State is not a proper defendant in this action.  See Will v. Michigan

Dep't of State Police, 491 U.S. 58 (1989).  Plaintiff contends that the Governor and Deputy Governor are liable under § 1983 because they are responsible for the wrongful actions of all employees of the State of New Jersey.  However, a person cannot be found liable under § 1983 unless he or she was personally involved in the alleged wrongdoing:  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.  Similarly, government officials cannot be found liable under § 1983 as supervisors on the basis of their alleged knowledge and acquiescence in the wrongdoing of subordinates.  Id.  Because Plaintiff fails to plead facts showing any constitutional violation by any named defendant, Iqbal mandates dismissal of the Complaint for failure to state a claim upon which relief may be granted.  See Iqbal, 129 S. Ct. at 1949  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Zasquez v. Dwyer, 2010 WL 1619263 at *1 (3d Cir. Apr. 22, 2010) (affirming dismissal of claim where "Vasquez has not pleaded any facts to support is conclusory allegation that [defendant] destroyed the file and did so willfully").

   This Court is mindful that leave to amend must be granted unless such would be futile.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, amendment of the Complaint would be futile.  Plaintiff asserts that his rights to due process and a speedy trial have been violated because he has been detained for two years without his criminal case being brought to trial.  Plaintiff's due process and speedy trial claims are not cognizable under § 1983.  The doctrine of Younger v.

Harris, 401 U.S. 37 (1971), forbids federal court interference in pending state court proceedings.[2] Federal courts should not permit the claimed denial of a speedy trial to result in the "'derailment of a pending state proceeding.'" Moore v. DeYoung, 515 F.2d at 446 (quoting Braden, 4190 U.S. at 491). In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial. The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." Id. at 861. To the extent that Plaintiff might seek release, such request is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974).[3] Because Plaintiff's speedy trial/due process claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus after Plaintiff has exhausted state court remedies, see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975), amendment of the Complaint to name additional defendants would be futile.[4]

---

[2] In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention doctrine applies to declaratory judgment actions).

[3] The Supreme Court held in Preiser that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. When person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500.

[4] The proper procedure is to exhaust the speedy trial claim by presenting it to all three
(continued...)

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint.  The Court will enter an appropriate Order.

   s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

Dated:   August 17, 2010

---

⁴(...continued)
levels of the New Jersey courts and to bring it before this Court in a petition under 28 U.S.C. § 2254 after the claim has been exhausted.  Moore, 515 F.2d at 449.

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.   Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Id. see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).